UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDALYN DOUGLASS,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANT LIFE SHARES LLC et al.,<br><br>    Defendants. | Case No. 2:23-cv-00460-SB-AGR<br><br><br>ORDER TO SHOW CAUSE RE: REMAND |

Following the Court's order for the parties to meet and confer about the amendment of Plaintiff's pleadings and the possible consolidation of this action with the related case *Baeza v. Reliant Life Shares, LLC*, Case No. 2:23-cv-00474-SB-PD (*Baeza*), Plaintiff filed a motion to consolidate the cases and for leave to file two separate amended complaints—one for each case.  Dkt. No. 38. Defendants oppose this unusual request, pointing out, among other issues, that if the cases are consolidated, Plaintiff should file a single amended complaint encompassing all claims.  Dkt. No. 40.  They also argue that Plaintiff seeks improperly to deprive the Court of jurisdiction by dropping all her federal claims. The motion is set for hearing on April 14, 2023.

Allowing Plaintiff to drop her federal claims does not deprive the Court of subject matter jurisdiction.  See *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims.  Its decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").  The Court does not intend to require Plaintiff to continue prosecuting federal claims that she does not wish to pursue.  Thus, the Court expects to allow Plaintiff to amend her pleading as requested.

1

Although the dismissal of Plaintiff's federal claims does not *require* remand, it provides a compelling reason for this Court to decline supplemental jurisdiction over Plaintiff's remaining claims. 28 U.S.C. § 1367(c)(3) permits a district court to decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." "The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This case is still in its early stages, and it appears that principles of comity would support a remand to allow the state court to resolve Plaintiff's state law causes of action. Accordingly, the Court tentatively intends to grant Plaintiff's motion to amend her pleadings and remand this action to state court, which would also moot the parties' dispute over consolidation.[1]

To allow the parties an opportunity to be heard, any party that opposes the Court's tentative approach is ORDERED to show cause in writing no later than April 6, 2023, why the Court should not decline supplemental jurisdiction over Plaintiff's state law claims and remand this case after permitting her to drop the federal claims she no longer wishes to pursue. Failure to timely respond will be deemed consent to the Court's taking such action.

IT IS SO ORDERED.

Date: March 31, 2023

Stanley Blumenfeld, Jr.
United States District Judge

---

[1] The related *Baeza* case is a putative class action that was removed based on CAFA jurisdiction, so the elimination of the federal claims in that case would not eliminate the basis for the Court's original jurisdiction (contrary to Plaintiff's suggestion). If the parties determine that judicial economy would be best served by having both cases resolved in the same forum, they remain free to consent to remand the *Baeza* action.